UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CAZAL ARNETT,

                Plaintiff,

-against-

THE METROPOLITAN MUSEUM OF ART;
THE COSTUME INSTITUTE; THE
METROPOLITAN MUSEUM OF ART,

                Defendants.

19-CV-4072 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

Plaintiff, appearing *pro se*, brings this action under 28 U.S.C. § 1331, alleging that Defendants refused him admission to the Metropolitan Museum of Art. By order dated July 17, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*. For the reasons set forth in this order, the Court dismisses this action.

### STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

**BACKGROUND**

Plaintiff brings this action against the Metropolitan Museum of Art (the Met) and the Met's Costume Institute. The following facts are taken from the amended complaint: on December 14, 2018, and January 14, 2019, the Met's security team denied Plaintiff entry to the Met. As a result, he felt "unwelcome; rejected; shunned; denied and refused." (Am. Compl. at 7.) The Met's security team did not sympathize with Plaintiff and the Costume Institute failed to support Plaintiff's effort to gain entry to its annual exhibit. The Costume Institute also "failed to acknowledge [Plaintiff's] individual inspiration" of this year's Costume Institute's exhibition theme "Camps: Notes on Fashion." (*Id*.) It appears that Plaintiff's individual inspiration consists of him frequently wearing "Vivo barefoot Stealth II Mens" at the Met. (*Id*.)

Plaintiff brings this action seeking the following relief: a quarter of the Met's annual revenue; a quarter of the Costume Institute's proceeds from the Met Gala event; a formal apology letter; a welcome back letter; and an invitation to and complimentary tickets for future Met Gala events.

Plaintiff also makes references to a $2.00 transaction dispute with Wells Fargo that occurred on May 6, 2019, which does not appear to be related to his claims against Defendants. He attaches to the complaint correspondence with Wells Fargo indicating that he disputed a charge and that the bank credited $2.00 to his account after researching the issue.

**DISCUSSION**

**A.   Federal Claims**

Plaintiff invokes the Court's federal question jurisdiction, but he fails to allege any facts suggesting a matter involving federal constitutional or federal statutory law. Federal question jurisdiction is available when a plaintiff's claims arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint

"establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Plaintiff's allegations that Defendants denied him admission to the Met do not suggest a plausible federal claim and must be dismissed.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's amended complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to submit a second amended complaint.

**B.      Plaintiff's Litigation History**

Plaintiff has filed four other cases that were dismissed as frivolous. *See Arnett v. Zuckerberg*, No. 18-CV-0839 (CM) (S.D.N.Y. Mar. 12, 2018); *Arnett v. Stoltenberg,* No. 18-CV-1299 (CM) (S.D.N.Y. Feb. 26, 2018); *Arnett v. Fire Dep't of New York,* No. 18-CV-3909 (CM) (S.D.N.Y. May 10, 2018); *Arnett v. Hicks*, No. 19-CV-4755 (LLS) (S.D.N.Y. May 31, 2019).[1] The Court previously warned Plaintiff that further duplicative or frivolous litigation in this Court would result in an order barring him, under 28 U.S.C. § 1651, from filing new actions *in forma pauperis* without prior permission. *See Arnett,* No. 18-CV-3909 (CM) (S.D.N.Y. May 10, 2018). That warning remains in effect.

---

[1] Plaintiff has another pending case in this Court. *See Arnett v. Internal Revenue Svc.*, No. 18-CV-11852 (UA).

**CONCLUSION**

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. Plaintiff's amended complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: July 24, 2019
New York, New York

*/s/ Louis L. Stanton*
Louis L. Stanton
U.S.D.J.